NEW YORK COUNTY.— HON. D. G. ROLLINS, SURRO-
GATE.—November, 1884.

WHITE *v.* LEWIS.

*In the matter of the estate of* GEORGE W. M. NUTT, *deceased.*

Code Civ. Pro., § 2715 establishes the only method of procedure for com-
pelling an executor or administrator to return an inventory.   The
order, made pursuant to that section, requiring the respondent to make
a return, or show cause why he should not be attached, is one of those
mandates which must be issued as the result of a judicial determina-
tion, and not one which can be properly issued, as of course, by the
clerk of the court; it must be personally served upon the delinquent.
A summons requiring the representative to appear is improper.

PROCEEDINGS instituted by Catharine P. White, as executrix of the will of a deceased creditor of dece-dent's estate, to punish Samuel A. Lewis, administra-tor thereof, for contempt, for failure to file an inven-tory.   The facts appear sufficiently in the opinion.

TUNIS G. BERGEN, *for petitioner.*

HART & PRICE, *for administrator.*

THE SURROGATE.—It is admitted that the order of September 25th, 1884, whereby this respondent was

directed, within one week thereafter, to file an inventory as administrator of this estate, was not personally served.

It is claimed by respondent's counsel that, because of this fact, the proceeding for attachment must fail. It is insisted, on the other hand, in behalf of the petitioner, that the respondent became liable to immediate attachment by his failure to obey the order of December 18th, 1883, directing him to return an inventory, or show cause, etc., which order appears to have been served personally. Without reciting the various steps which have been taken in these proceedings, since they were first instituted, I hold, with the petitioner, that personal service of the order of September 25th is not essential to the validity of this attachment, if, by any prior order, whereof the petitioner *had* or *waived* personal service, he was lawfully directed to file an inventory. All that has taken place since the early stages of these proceedings has simply served to extend the time for compliance with the original direction, and to suspend, in the interval, the issuing of the attachment.

But, upon careful review of this whole matter, I am convinced that, at the beginning of the proceedings, there was, in the petitioner's practice, an irregularity which was, perhaps, so far waived as to justify the entry of the order of September 25th, 1884 ; so far waived, indeed, as to have made this respondent, in case he had been personally served with that order, attachable for failure to comply with its provisions ; but which, in view of the absence of such personal

service of the September order, must be held to invalidate this attachment.

Section 2715 of the Code establishes the procedure, to which resort must be had for compelling an executor or administrator to return an inventory. He must present an affidavit, setting forth the neglect. Thereupon, the Surrogate, if he "*is satisfied* that the executor or administrator is in default, must make an order requiring the delinquent to return the inventory, or, in default thereof, to show cause," etc. It is evident that the order, for which this section provides, is one of those mandates which must be issued as the result of a judicial determination, and not one which can properly be issued, as of course, by the clerk of the court (see Mauran v. Hawley, 2 *Dem.*, 396).

Now, upon examining the papers upon which these proceedings are founded, it will be seen that they do not comply, and, indeed, do not pretend to comply with the provisions of § 2715. They seek rather to conform to certain requirements of the Revised Statutes which the Code has superseded, and which may be found in §§ 17 and 18 of tit. 3, ch. 6, part 2 of those statutes (3 *Banks*, 6*th ed.*, 92). Those sections declare that, if an executor or administrator shall neglect or refuse to return an inventory within a time therein prescribed, the Surrogate shall issue a *summons*, requiring him to appear, etc.

Now, the only paper, that has been personally served upon this respondent, is one which, on its face, purports to be a summons. It is signed, not by the Surrogate but by the clerk to the Surrogate's court, and

no order seems to have been entered, directing its issuance.

In view of this state of facts, I must, therefore, vacate the attachment.